# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

DEWAYNE DEVON CAMPBELL,

    Petitioner,

vs.

JOHN FAYRAM, Warden Anamosa
State Penitentiary,

    Respondent.

No. C09-2057

REPORT AND RECOMMENDATION

————————

## TABLE OF CONTENTS

I.     INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    PROCEDURAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . 2
    A.    Trial Matters. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.    Direct Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    C.    State Post-Conviction Relief.. . . . . . . . . . . . . . . . . . . . . 3
    D.    Petition for a Writ of Habeas Corpus.. . . . . . . . . . . . . . 4

III.   FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   STANDARDS OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . 6
    A.    Standard of Review Under 28 U.S.C. § 2254(d). . . . . . . 6
         1.    Requirements Under 28 U.S.C. § 2254(d)(1). . . . . . . . . . 7
         2.    Requirements Under 28 U.S.C. § 2254(d)(2). . . . . . . . . . 9
    B.    Exhaustion Requirement. . . . . . . . . . . . . . . . . . . . . . . . 10
    C.    Ineffective Assistance of Counsel. . . . . . . . . . . . . . . . . . 12

V.    DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    A.    Prosecutorial Misconduct. . . . . . . . . . . . . . . . . . . . . . . 14
         1.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
         2.    The Merits of Campbell's Prosecutorial Misconduct Claim. . . 15
    B.    Ineffective Assistance of Counsel. . . . . . . . . . . . . . . . . . 18

VI.   CERTIFICATE OF APPEALABILITY. . . . . . . . . . . . . . . . 20

VII.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

VIII. RECOMMENDATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# I. INTRODUCTION

On November 3, 2009, Petitioner Dewayne Devon Campbell ("Campbell") filed a Petition for a Writ of Habeas Corpus (docket number 1) pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Iowa. In his petition, Campbell challenges the legality of his conviction for first degree robbery.

On July 12, 2010, Chief Judge Linda R. Reade referred this matter to the undersigned Magistrate Judge for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This matter is before the Court on Campbell's Petition for a Writ of Habeas Corpus(docket number 1) and Brief (docket number 15) and Respondent's Brief (docket number 18).

# II. PROCEDURAL BACKGROUND

## A. Trial Matters

On March 17, 2004, Campbell was charged by trial information in the Iowa District Court for Black Hawk County ("Iowa District Court") with first-degree robbery in violation of Iowa Code sections 711.1 and 711.2 (2003). A jury trial began on October 6, 2004. Campbell testified at his trial, and the county attorney cross-examined Campbell at length about his prior drug, theft, and forgery convictions.

The jury was given the option, if it chose to convict, of finding Campbell guilty of Robbery in the First Degree, Robbery in the Second Degree, or Simple Assault. On October 7, 2004, the jury found Campbell guilty of Robbery in the First Degree. On November 5, 2004, the Iowa District Court sentenced Campbell to a term of imprisonment not to exceed 25 years, with a mandatory minimum sentence of seventeen and one-half years.

## B. Direct Appeal

On November 8, 2004, Campbell filed a notice of appeal. On appeal, Campbell argued that his trial counsel was ineffective for (1) failing to object to prosecutorial misconduct involving his prior convictions and other evidence (comments on Campbell's veracity), (2) failing to request curative or limiting jury instructions regarding prior

convictions and other character evidence, and (3) failing to make a motion for a new trial based on the prejudicial prosecutorial comments. On December 7, 2005, the Iowa Court of Appeals affirmed Campbell's first-degree robbery conviction. *See State v. Campbell*, 710 N.W.2d 258 (Iowa App. 2005). The Iowa Court of Appeals preserved Campbell's ineffective assistance of counsel claim for a possible post-conviction relief action. *Id*. Procedendo issued on January 10, 2006.

### C. State Post-Conviction Relief

On January 27, 2006, Campbell filed an application in the Iowa District Court for post-conviction relief pursuant to Iowa Code chapter 822.[1] In his application for post-conviction relief, Campbell argued prosecutorial misconduct and ineffective assistance of counsel as the basis for his relief. Campbell argued prosecutorial misconduct due to (1) the trial prosecutor's questioning of Campbell about previous convictions and the use of a presentence investigation report from a previous conviction without obtaining the permission of the court to use the report, (2) questioning Campbell about his chronic unemployment, (3) questioning Campbell about his current resident status (questioning which elicited that Campbell had been in custody of the Black Hawk County sheriff prior to the trial), and (4) questioning Campbell in a fashion which would cause the jury to believe he was lying and questioning him about his predilection to commit crimes to obtain "big bucks." Campbell also argued that his trial counsel was ineffective for (1) failing to object to the prosecutor's questioning as outlined above, (2) failing to request curative instructions to the alleged acts of prosecutorial misconduct, and (3) failing to request or

---

[1] On July 17, 2006, Campbell filed a second application for post-conviction relief in Iowa District Court (Case No. PCCV98933). On August 2, 2006, the Black Hawk County Attorney made a motion to merge the two cases, which the Iowa District Court granted on August 15, 2006. There are no additional filings in the second post-conviction relief case, PCCV98933. On January 12, 2009, Campbell's second post-conviction relief application was dismissed for want of prosecution. *See* IOWA R. CIV. PRO. 1.944. The state court focused solely on the post-conviction relief application filed on January 27, 2006, case number PCCV097450. In the instant action, neither party addresses the July 17, 2006 post-conviction relief application (PCCV98933).

object to the trial judge's decision not to include extortion as a lesser-included offense of the charged offense. On December 31, 2008, the Iowa District Court denied Campbell's application for post-conviction relief.

On January 8, 2009, Campbell filed a notice of appeal. On October 15, 2009, the Iowa Supreme Court concluded Campbell's appeal was frivolous and dismissed the appeal pursuant to Iowa Rule of Appellate Procedure 6.1005 (2009).[2] On October 23, 2009, Campbell filed a motion for reconsideration, which the Iowa Supreme Court denied on April 12, 2010. Procedendo issued on April 29, 2010.

### D. Petition for a Writ of Habeas Corpus

On November 3, 2009, Campbell filed the instant petition for a writ of habeas corpus. In his petition, Campbell asserts ineffective assistance of counsel and prosecutorial misconduct as grounds for relief under 28 U.S.C. § 2254. Specifically, Campbell asserts his trial counsel was ineffective for not filing a pretrial motion to preclude his prior drug convictions, for failing to object to the State's use of prior convictions to impeach him, and for failing to object to improper and prejudicial cross-examination by the prosecutor. *See* Campbell's Petition at 3 (docket number 1). Similarly, Campbell asserts the prosecutor's cross-examination (of Campbell) was improper and prejudicial because the prosecutor questioned Campbell about his prior convictions. *Id.* at 5. Campbell also asserts the prosecutor improperly and prejudicially referred to him as a "liar." *Id.*

### III. FACTUAL BACKGROUND

On the morning of March 10, 2004, Campbell entered a Sears store in Waterloo, Iowa. He placed a computer in his shopping cart and walked out of the store without paying for the computer. As Campbell exited the store, several store employees[3] noticed Campbell was leaving with the unpaid merchandise, and they followed him out of the

---

[2] Iowa Rule of Appellate Procedure 6.1005(6) permits the Iowa Supreme Court to determine, after full examination of the record, whether an appeal is wholly frivolous. If it finds the appeal is frivolous, it may dismiss the appeal.

[3] These employees were Jeremy Patterson, Nancy Lawless, and Kara McNelly.

store. As the employees were following Campbell to the parking lot, they were joined by another employee, Gordon Syzmanski. Campbell went to his car in the parking lot and attempted to place the computer in the back seat, through the rear passenger door.

At this time, Campbell noticed the employees had followed him, and he shut the rear passenger door and got into the driver's seat. However, Campbell had not placed the computer completely into the car, and the computer protruded from the vehicle, preventing the rear passenger door from shutting. Syzmanski approached Campbell's car and attempted to reach the computer through the open rear passenger door. At this point, Campbell started his car and backed out of the parking space. The rear passenger door, in its ajar position, struck Syzmanski. Campbell then drove away from the scene.

At trial, Syzmanski testified that Campbell "floored" his car in reverse and pinned Syzmanski between the car and the car door. *See* Trial Transcript I (attachment to docket number 8) at 35-36. Syzmanski was not seriously injured, testifying that he had suffered only a bruise from the incident. *Id.* at 47-48. Syzmanski further testified that before starting the car, Campbell turned around, made eye contact with Syzmanski, and said something to him, though Syzmanski was unable to discern what was said. *Id.* at 36.

Campbell testified that while he was in a rush to leave the parking lot, he at no time "floor[ed] it" out of the parking space. *See* Trial Transcript II (attachment to docket number 8) at 208. Campbell furthered testified that as he began backing out, he did not see Syzmanski or any of the other employees near his vehicle. *Id.* at 210. He denied seeing or speaking to Syzmanski after getting into his vehicle or intending to hurt or frighten anyone with his vehicle. *Id.* at 210-11.

On March 17, 2004, Campbell was charged by trial information with first-degree robbery. He was tried by a jury and convicted of first-degree robbery on October 7, 2004. Campbell is currently serving a sentence of imprisonment not to exceed twenty-five years.

## IV. STANDARDS OF REVIEW

### A. Standard of Review Under 28 U.S.C. § 2254(d)

"A state prisoner may seek a writ of habeas corpus in federal court if his [or her] confinement violates the federal Constitution or federal law." *Weaver v. Bowersox*, 241 F.3d 1024, 1029 (8th Cir. 2001) (citing 28 U.S.C. § 2254(a)). "Federal courts are 'bound by the AEDPA[4] to exercise only limited and deferential review of underlying state court decisions' in habeas corpus cases." *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (quoting *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004)); *see also* 28 U.S.C. § 2254.[5] Federal habeas corpus relief may only be granted if one or both of two conditions is satisfied. *Ryan*, 387 F.3d at 790. These two conditions are set forth in 28 U.S.C. § 2254(d). which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[4] AEDPA is an acronym for the Antiterrorism and Effective Death Penalty Act.

[5] AEDPA amended the federal habeas corpus statute, 28 U.S.C. § 2254, in 1996. *See Williams v. Taylor*, 529 U.S. 362, 399, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The amendment "placed a new restriction on the power of federal courts to grant writs of habeas corpus to state prisoners." *Id.*; *see also Bell v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) ("The [AEDPA] of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law.").

Thus, "[28 U.S.C. §] 2254(d) distinguishes between two types of erroneous decisions—those of law and those of fact—and treats each in separate subparagraphs." *Weaver*, 241 F.3d at 1029. Claims of legal error are governed by the first subparagraph, and claims of factual error fall within the second subparagraph. *Id.* at 1029-30.

## 1. Requirements Under 28 U.S.C. § 2254(d)(1)

"A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16, 124 S. Ct. 7, 157 L. Ed. 2d 263 (2003) (per curiam) (quoting 28 U.S.C. § 2254(d)(1)). The Supreme Court's opinion in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), explains the meaning of those statutory concepts and the degree of deference that must be afforded to state court determinations on the merits. *See Renico v. Lett*, 130 S. Ct. 1855, 1862, 176 L. Ed. 2d. 678 (2010) (discussing *Williams*); *Penry v. Johnson*, 532 U.S. 782, 792-93, 121 S. Ct. 1910, 150 L. Ed. 2d. (2001) (reiterating the *Williams* interpretations of "contrary to" and "unreasonable application of"); *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (discussing *Williams*); *Siers v. Weber*, 259 F.3d 969, 972-73 (8th Cir. 2001) (same).

Under *Williams*, a state court decision can be "contrary to" Supreme Court precedent in one of two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that precedent]." *Williams*, 529 U.S. at 405-06; *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007); *Smulls v. Roper*, 467 F.3d 1108, 1112 (8th Cir. 2006). Further, "the [statutory] phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 412.

An "unreasonable application" of Supreme Court precedent can also arise in one of two ways. The Supreme Court explained:

> First, a state-court decision involves an unreasonable application of [the Supreme Court's] precedent if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the Supreme Court's] precedent if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 407 (citation omitted). Thus, where a state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," that decision "certainly would qualify as a decision 'involving an unreasonable application of . . . clearly established federal law.'" *Id.* at 407-08; *see also Rompilla v. Beard*, 545 U.S. 374, 380, 125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005) (citations omitted) (discussing the "unreasonable application" prong of *Williams*); *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (citations omitted) (same); *Bucklew*, 436 F.3d at 1016 (citations omitted) (same); *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999) ("An 'unreasonable application' is one that, 'evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.' *Long v. Humphrey*, 184 F.3d 758, [760] (8th Cir. 1999).").  Additionally,

> [u]nder [28 U.S.C.] § 2254(d)(1)'s "unreasonable application" clause, . . . a federal habeas [corpus] court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be *unreasonable*.

*Williams*, 529 U.S. at 411 (emphasis added).

Applying these standards to the present case, the court's inquiry must be whether the Iowa courts reached a decision contrary to that reached by the Supreme Court on a

question of law, or alternatively, whether the Iowa courts correctly identified the applicable principles of federal law and then unreasonably applied that law to the facts of Campbell's claims. *See, e.g. Rousan v. Roper*, 436 F.3d 951, 955-56 (8th Cir. 2006) (discussing the applicable standards); *Bucklew*, 436 F.3d at 1016 (same); *Siers*, 259 F.3d at 973 (same).

## 2. Requirements Under 28 U.S.C. § 2254(d)(2)

Federal habeas corpus relief "may be granted on a claim adjudicated in state court if the state court proceeding 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Beck v. Bowersox*, 257 F.3d 900, 901 (8th Cir. 2001) (quoting 28 U.S.C. § 2254(d)(2)). The state court findings of fact are presumed to be correct. *Id.* (citing 28 U.S.C. § 2254(e)(1)).[6] The burden is on the petitioner to rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Accordingly, the court's review presumes that the Iowa courts found the facts correctly unless Campbell rebuts that presumption with clear and convincing evidence. *See id.*; *Taylor v. Roper*, 577 F.3d 848, 858 (8th Cir. 2009) (applying the clear and convincing standard); *Schawitsch v. Burt*, 491 F.3d 798, 802 (8th Cir. 2007) (same); *see also Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006) ("[The court] bestow[s] a presumption of correctness on the factual findings of the state courts, and absent procedural error, [the court] may set such findings aside only if they are not fairly supported by the record." (quotation and citation omitted)); *Weaver*, 241 F.3d at 1030 ("[O]n habeas [corpus] review, we accord state trial courts broad latitude in determining questions of fact by virtue of the statutory presumption

---

[6] 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

in favor of state court fact-findings."). "It bears repeating that even erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver*, 241 F.3d at 1030.

## B. Exhaustion Requirement

A petitioner, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum. 28 U.S.C. § 2254(b)(1);[7] *see also Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (citations omitted) ("[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (same, quoting *Coleman*). A petitioner has exhausted his or her state remedies when he or she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010); *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) ("To preserve a claim for federal habeas relief, petitioner must present claim to state court and allow that court opportunity to address claim.") (citing *Coleman*, 501 U.S. at 750-51); *see also* 28 U.S.C. § 2254(c).[8]

---

[7] 28 U.S.C. § 2254(b)(1) provides:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B)    (i) there is an absence of available State corrective process; or
>           (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

[8] 28 U.S.C. § 2254(c) provides:

(continued...)

In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appeal argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (concluding that the exhaustion doctrine requires a petitioner to seek discretionary review when that review is part of the ordinary appellate review procedure) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (reiterating that a petitioner "must 'fairly present' his [or her] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.").

In order to satisfy the fair presentment component of the exhaustion requirement, a petitioner must: "'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Middleton*, 455 F.3d at 855 (quoting *Abdullah v. Groose*, 75 F.3d 408, 412 (8th Cir. 1996)); *see also Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (claim by petitioner barred because petitioner raised no issue of federal constitutional law and cited no federal authority in the state courts); *Turnage*, 606 F.3d at 936. A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the applicant's federal habeas corpus application have been properly raised in his or her state court proceedings. *Palmer v. Clarke*, 408 F.3d 423, 430 (8th Cir. 2005); *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *see also Harless*, 459 U.S. at 6 ("[T]he habeas petitioner must

_____

[8](...continued)

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented.

have 'fairly presented' to the state courts the 'substance' of his [or her] federal habeas corpus claim."); *Picard*, 404 U.S. at 276 (an applicant is required to "present the state courts with the same claim he [or she] urges upon the federal courts."); *Turnage*, 606 F.3d at 937 ("'mere similarity between . . . state law claims . . . and federal habeas claims is insufficient' to satisfy the fair presentation requirement") (quoting *Carney v. Fabian*, 487 F.3d 1094, 1097 (8th Cir. 2007)).

"[The] exhaustion of state remedies requires that petitioners 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (quotations omitted; citing *Picard*, 404 U.S. at 275); *Turnage*, 606 F.3d at 936 (quoting *Duncan*). If a petitioner has not fully presented his or her federal claims in state court, the claims are barred in federal court and must be dismissed, unless the applicant can either show both good cause for his or her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation or demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010) (citing *Coleman*); *Oglesby v. Bowersox*, 592 F.3d 922, 924 (8th Cir. 2010); *Bell v. Norris*, 586 F.3d 624, 633 (8th Cir. 2009); *Hunt v. Houston*, 563 F.3d 695, 703 (8th Cir. 2009).

## C. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Thus, "the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). A criminal

defendant also has the right to the effective assistance of counsel on direct appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 482, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000) (citing *Penson v. Ohio*, 488 U.S. 75, 88-89, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988)); *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993) ("'A criminal defendant is entitled to effective assistance of counsel on first appeal as of right.' *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989)."). However, "[a]bsent some effect of challenged conduct on the reliability of the . . . process, the Sixth Amendment guarantee is generally not implicated." *Cronic*, 466 U.S. at 658 (citations omitted).

In order to establish a claim of ineffective assistance of counsel, Campbell must show that (1) the performance of his trial counsel and appellate counsel was constitutionally deficient, which requires a showing that his counsel's performance fell below an objective standard of reasonableness, and (2) the deficiency in his counsel's performance resulted in prejudice to his defense. *Strickland*, 466 U.S. at 687; *see also Wiggins*, 539 U.S. at 521; *Link v. Luebbers*, 469 F.3d 1197, 1202 (8th Cir. 2006); *Winfield v. Roper*, 460 F.3d 1026, 1033 (8th Cir. 2006); *Middleton*, 455 F.3d at 846. If Campbell makes an insufficient showing on one of the two components, the court is not required to address the other component. *Strickland*, 466 U.S. at 697.

The performance inquiry requires a determination of whether counsel's assistance was "reasonable considering all of the circumstances." *Strickland*, 466 U.S. at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. Therefore, a strong presumption exists that counsel's conduct "falls within the wide range of reasonable professional assistance." *Id*.; *see also Link*, 469 F.3d at 1202 (discussing the presumption); *Middleton*, 455 F.3d at 846 (same). Thus, "the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman*

*v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986) (citation omitted).

Under the prejudice prong, Campbell must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id*. at 695. The court must consider the totality of the evidence when making the prejudice determination. *Id*.

## V. DISCUSSION

### A. Prosecutorial Misconduct

#### 1. Standard of Review

"As a general rule, prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render [a] petitioner's conviction a denial of due process." *Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) (citation and quotation omitted); *see also Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (The relevant question for determining whether a prosecutor's comments constitute a violation of due process "is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974)."); *Underdahl v. Carlson*, 462 F.3d 796, 800-01 (8th Cir. 2006) (applying *Darden*); *Clemons v. Luebbers*, 381 F.3d 744, 757 (8th Cir. 2004) (same). In order to constitute a due process violation, "improper remarks by a prosecutor must be 'so egregious that they fatally infect the proceedings and render a defendant's entire trial fundamentally unfair.'" *Stringer*, 280 F.3d at 829 (quoting *Moore v. Wyrick* 760 F.2d 884, 886 (8th Cir. 1985)). Relief may only be granted if the applicant demonstrates a "'reasonable probability that the error complained of affected the outcome of the trial—i.e., that absent the alleged impropriety the verdict probably would have been

different.'" *Id.* (quoting *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995)); *see also Clemons*, 381 F.3d at 757 ("Relief is available only if 'the prosecutor's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial.' *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999).").

### 2. The Merits of Campbell's Prosecutorial Misconduct Claim

Campbell argues that the prosecutor's cross-examination of his testimony was improper and prejudicial. Specifically, Campbell contends that the prosecutor improperly and prejudicially (1) questioned him about past convictions and (2) repeatedly disparaged his veracity so as to give the jury the impression that the prosecutor believed he was lying. The prosecutor's questioning of Campbell at trial focuses heavily on Campbell's previous convictions, including a past drug conviction and the details of his prior theft and forgery convictions. *See* Trial Transcript II (attachment to docket number 8) at 213-225. The prosecutor also often questioned Campbell's veracity. Pertinent examples include:

> Q: And you lied so you wouldn't get caught and in trouble, did you not?
>
> A: Yes.
>
> Q: Because that's a pattern of yours, isn't it, to lie so you don't get into trouble, you don't get caught?
>
> A: I wouldn't necessarily say that . . .
>
> Q: And you're the one with the motivation to lie today, are you not? . . .
>
> Q: Okay. Okay. Let's try that question again. Are you not sure what you were going to do that day or you just don't want to tell us the truth?
>
> A: No, I'm trying to tell you the truth . . .
>
> Q: And all of these crimes, the majority of them that I'm talking about, the thefts, they involve, all of them, dishonesty, don't they, on your part? . . .
>
> Q: And, sir, you're a person that's always looking for big money, quick bucks through stealing, are you not?
>
> A: No.

*See* Trial Transcript II (attachment to docket number 8) at 215-223.

On Direct Appeal, the Iowa Court of Appeals thought the record was insufficient to evaluate Campbell's contentions of prosecutorial misconduct, but preserved the issues for review in further proceedings. *See Campbell*, 710 N.W.2d 258. As such, the arguments were again addressed by the Iowa District Court in Campbell's post-conviction relief proceedings. The Iowa District Court found that Campbell had established his claims for prosecutorial misconduct related to the prosecutor's questioning of Campbell about his previous convictions and related to the "repeated references by the prosecutor which caused the jury to believe the prosecutor believed that defendants was lying and that the defendant engaged in repeated criminal acts to make "big bucks." *See* Ruling on Application Post-Conviction Relief (attachment to docket number 19) at 4.

However, the Iowa District Court found that Campbell did not meet his burden to establish prejudice.[9] The Iowa District Court determined that

> [t]he essence of defendant's claims are [sic] that the impact of the prosecutor's improper actions . . . caused the jury to have questions as to the credibility of Mr. Campbell such that the jury if had [sic] not been informed of these improper matters might have placed credibility with Mr. Campbell and might have found Mr. Campbell was not aware of the precarious situation of Mr. Syzmanksi, and that Mr. Campbell had no intent to assault or place Mr. Syzmanski in immediate fear of serious injury.

---

[9] The standard the Iowa District Court used to determine whether prosecutorial misconduct entitled Campbell to post-conviction relief is not explicitly identified by the court. However, it appears the court used a similar standard for prosecutorial misconduct as it did for ineffective counsel: first requiring Campbell to demonstrate the prosecutor's actions were improper, then requiring him to demonstrate he was prejudiced as a result (compare to the standard used for ineffective counsel: "applicant must show: (1) his attorney failed to perform an essential duty; and (2) he was prejudiced as a result. *Greiman v. State*, 471 N.W.2d 811 (Iowa 1991)."). *See also State v. Adams*, 776 N.W.2d 302 (Iowa App. 2009) ("In order to show a due process violation based on prosecutorial misconduct, [defendant] must prove misconduct and prejudice to such an extent that he was denied a fair trial.") (citing *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003)).

*Id.* at 6. The Iowa District Court went on to conclude that, due to the testimony of several eyewitnesses which contradicted Campbell's testimony, no reasonable jury would have found Campbell credible, regardless of the prosecutor's improper questioning. *Id.* Accordingly, the Iowa District Court determined that Campbell was not prejudiced by the prosecutor's misconduct and not entitled to post-conviction relief because of the misconduct.

The relevant inquiry here is whether Campbell has established that the decision of the Iowa District Court was either (1) contrary to clearly established federal law, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *See Mitchell,* 540 U.S. at 15-16. Campbell has not made this showing.

The federal standard for habeas relief due to prosecutorial misconduct is strict; the misconduct must have "infected the trial with enough unfairness to render [a] petitioner's conviction a denial of due process" and "relief may only be granted if the applicant demonstrates a 'reasonable probability that the error complained of affected the outcome of the trial.'" *Stringer,* 280 F.3d at 829 (citation omitted). While the standard employed by the Iowa District Court is not explicit, it appeared to require that (1) there was misconduct by the prosecutor, and (2) the misconduct resulted in prejudice to Campbell. This standard, while similar, is notably less strenuous than the federal standard for habeas relief due to prosecutorial misconduct.

The Iowa District Court determined that the prosecutorial misconduct was not prejudicial to Campbell because, regardless of the improper questioning, no reasonable jury would have found Campbell credible. The Iowa District Court concluded:

> Mr. Campbell's testimony that he was aware of at least two Sears employees as they left the Sears store coming for him and that he hurriedly backed out of the parking stall without having any knowledge as to where Mr. Syzmanski was or the danger that he, Mr. Campbell, presented to Mr. Syzmanski is utterly unbelievable. Mr. Syzmanski testified that Mr. Campbell as he was backing out was at most three feet

> away from him, Mr. Campbell being behind the driver's wheel
> and Mr. Syzmanski trapped in the inverted V between the open
> right rear passenger door and the main body of the car, that
> Mr. Campbell said something to Mr. Syzmanski even thought
> [sic] Mr. Syzmanski can't say what it was.

Ruling on Application Post-Conviction Relief (attachment to docket number 19) at 6. This finding is not contrary to federal law, nor did it involve an unreasonable application of federal law. Under the federal standard, Campbell must demonstrate a "reasonable probability" that the misconduct affected the outcome of the trial. The Iowa District Court reasonably concluded, based on Campbell's testimony, Syzmanski's testimony, and the other eyewitness testimony, that no jury would have given "any credence to defendant's point of view and credibility." *Id.* at 7. Because the Iowa District Court did not err in finding that no reasonable jury would find Campbell's testimony credible, there is not a "reasonable probability" that further damage to his credibility by the prosecutor affected the outcome of the trial. Accordingly, the prosecutor's questioning and characterization of Campbell, while improper, was not so egregious as to fatally infect the proceedings. *Stringer*, 280 F.3d at 829. Because the Iowa District Court's determination was not contrary to, nor an unreasonable application of, federal law, Campbell is not entitled to relief on this ground.

### B. *Ineffective Assistance of Counsel*

Campbell argues that his trial counsel provided ineffective assistance by not filing a pretrial motion to preclude his prior drug convictions,[10] for failing to object to the State's use of prior convictions to impeach him, and for failing to object to the improper and prejudicial cross-examination by the prosecutor. *See* Campbell's Petition (docket number 1) at 3. Again, on Direct Appeal, the Iowa Court of Appeals thought the record

---

[10] While this claim is made in Campbell's petition (docket number 1), Campbell does not address this claim in his brief on the merits and the claim is therefore waived. Even if this claim was not waived, review of the record in this case shows that this claim was never brought before the Iowa courts and is consequently not exhausted. Accordingly, this claim is barred in federal court and will not be reviewed. *Coleman*, 501 U.S. at 750.

was inadequate to assess Campbell's claims of ineffective assistance of counsel, but preserved the issues for review in further proceedings. *See Campbell*, 710 N.W.2d 258. The Iowa District Court then addressed Campbell's contentions in his post-conviction relief proceedings.

In its evaluation of Campbell's claims, the Iowa District Court applied the federal standard, set forth in *Strickland*, for relief due to ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, Campbell must show that (1) the performance of his trial counsel was constitutionally deficient, which requires a showing that his counsel's performance fell below an objective standard of reasonableness, and (2) the deficiency in his counsel's performance resulted in prejudice to his defense. *Strickland*, 466 U.S. at 687.

The Iowa District Court determined that Campbell met his burden in establishing the first prong of the *Strickland* analysis. The court concluded that defense counsel failed in an essential duty by not objecting to the State's use of prior convictions to impeach Campbell. *See* Ruling on Application Post-Conviction Relief (attachment to docket number 19) at 4. The court also found that Campbell's counsel failed an essential duty by not objecting to the prosecutor's improper questioning and characterization of Campbell as a "liar" who committed criminal "to make big bucks." *Id.*

However, the Iowa District Court concluded that Campbell did not meet his burden in establishing the second prong of the *Strickland* analysis: that counsel's ineffectiveness resulted in prejudice to Campbell's defense. The court determined that Campbell's credibility was the only part of his defense damaged by his counsel's deficient performance, and, regardless of the improper questioning and his counsel's failure to object to it, no reasonable jury would have found Campbell credible. In making this determination, the Iowa District Court points to the same evidence it addressed in evaluating Campbell's request for relief due to prosecutorial misconduct: the unbelievable testimony of Campbell himself, the more credible testimony of Syzmanski, and the testimony of the eyewitnesses, which corroborated Syzmanski's statements. Campbell

argues the Iowa District Court erred in applying the *Strickland* standard and contends that trial counsel's deficient performance damaged Campbell's credibility to the point of prejudicing the defense.

The Iowa District Court identified and employed the proper federal standard for evaluating Campbell's request for relief due to the ineffective assistance of counsel. Accordingly, the relevant inquiry is whether the adjudication of Campbell's claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . ." *Mitchell*, 540 U.S. at 15-16 (citation omitted). Specifically, the Court must determine whether the Iowa District Court unreasonably applied the *Strickland* standard to the facts of Campbell's case. *Williams*, 529 U.S. at 407.

The Iowa District Court did not unreasonably apply the *Strickland* standard in this case. Again, the Iowa District Court reasonably concluded, based on all the testimony and evidence offered at trial, that no jury would have found Campbell credible, regardless of the improper questioning and disparaging statements about Campbell's veracity. While Campbell's trial counsel's performance was deficient, the errors only detracted from the credibility of an already incredible defendant. Because the Iowa District Court reasonably determined that the jury still would not have found Campbell credible absent his counsel's errors, Campbell has not established a reasonable probability that the result of the proceeding would have been different but for the deficient performance of his counsel. *See Strickland*, 466 U.S. at 694. As such, Campbell has not met his burden for the second *Strickland* prong. Therefore, the Iowa District Court did not unreasonably apply federal law and Campbell is not entitled to relief on this ground.

## VI. CERTIFICATE OF APPEALABILITY

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of

appealability under 28 U.S.C. § 2253(c) and FED. R. APP. P. 22(b). *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if an applicant has made a substantial showing of the denial of a constitutional right. *See Miller-El*, 537 U.S. at 335-36; *Winfield*, 460 F.3d at 1040 (8th Cir. 2006); *Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006); *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Winfield*, 460 F.3d at 1040; *Cox*, 133 F.3d at 569 (citation omitted); *see also Tennard v. Dretke* 542 U.S. 274, 276, 124 S. Ct. 2562, 159 L. Ed. 2d (2004) (reiterating standard); *Miller-El*, 537 U.S. at 335-36 (same).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [applicant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Campbell failed to make the requisite "substantial showing" with respect to the claims that he raised in his application pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Because there is no debatable question as to the resolution of this case, an

appeal is not warranted. Accordingly, the Court recommends that a certificate of appealability pursuant to 28 U.S.C. § 2253 not be granted.

## VII. CONCLUSION

Campbell is not entitled to relief pursuant to 28 U.S.C. § 2254. The Iowa courts' adjudication of Campbell's claims did not result in a decision contrary to, or involving an unreasonable application of, clearly established federal law, nor did the Iowa courts' adjudication of Campbell's claims result in a decision based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, the Court recommends that Campbell's application for a writ of habeas corpus be denied. The Court also recommends that a certificate of appealability be denied.

## VIII. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the district court **DENY** Petitioner's application for a writ of habeas corpus and **DENY** a certificate of appealability.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court.

DATED this 29th day of July, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA