**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

DEWAYNE DEVON CAMPBELL,

        Petitioner,

vs.

JOHN FAYRAM,

        Respondent.

No. 09-CV-2057-LRR

**ORDER**

---

*TABLE OF CONTENTS*

I.    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III.  *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *A.    Findings of Fact* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *B.    Conclusions of Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
        *1.  Prosecutorial misconduct* . . . . . . . . . . . . . . . . . . . . . . *3*
        *2.  Ineffective assistance of counsel* . . . . . . . . . . . . . . . . . . *4*
        *3.  Certificate of appealability* . . . . . . . . . . . . . . . . . . . . . *5*

IV.  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

*I.  INTRODUCTION*

The matters before the court are Petitioner Dewayne Devon Campbell's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" ("Petition") (docket no. 1), which Petitioner filed on November 3, 2009, and United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 21), which Judge Scoles filed on July 29, 2010. In the Report and Recommendation, Judge Scoles recommends that the court deny the Petition and decline to grant a certificate of appealability.  On August 30, 2010, Petitioner filed his Objections (docket no. 26) to the Report and Recommendation.  The matters are now fully submitted and ready for decision.

## II.  STANDARD OF REVIEW

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (making clear that, where a proper objection is made, the district court must determine de novo a magistrate judge's recommendation on a dispositive motion).   The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required.  *See, e.g., United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996)*, Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).   The plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error."   *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

## III.  ANALYSIS

### A.  Findings of Fact

Petitioner does not object to Judge Scoles's findings of fact.   Therefore, the court reviews the Report and Recommendation's findings of fact for plain error and finds that no plain error occurred.  Accordingly, the court shall adopt Judge Scoles's findings of fact.

### B.  Conclusions of Law

Petitioner makes three objections to Judge Scoles's conclusion of law: (1) "Judge Scoles erred in finding no reasonable probability that the prosecutorial misconduct committed by the Black Hawk County Attorney affected that trial's outcome"; (2) "Judge Scoles erred in finding that the Iowa District Court reasonably applied the *Strickland*[1] standard to Petitioner's case"; and (3) "Judge Scoles erred in recommending that the [c]ourt deny Petitioner a certificate of appealability."  Objections at 1.  Given the applicable standards under 28 U.S.C. § 2254(d)(1), the court finds that those objections are without merit.  *See generally Harrington v. Richter*, 131 S.Ct. 770 (2011).

### 1.   Prosecutorial misconduct

Petitioner argues that, because the trial jury had to determine the purpose and intent of Petitioner's actions to convict him of first degree robbery, the prosecutor's improper characterization of Petitioner as a liar undermined the jury's ability to "weigh [Petitioner]'s testimony on its merits alone."  Petitioner's Brief in Support of Petitioner's Objections ("Petitioner's Brief") (docket no. 26-1) at 8.  The standard for prosecutorial misconduct is whether "the prosecutor's remarks were so egregious that they fatally infected the proceedings and rendered [the defendant's] entire trial fundamentally unfair."  *Moore v. Wyrick*, 760 F.2d 884, 886 (8th Cir. 1985) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)).  "[P]rosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render [a] petitioner's conviction a denial of due process" and "relief may only be granted if the applicant demonstrates a reasonable probability that the error complained of affected the outcome of the trial."  *Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) (citations and internal quotation marks omitted).

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

After a thorough review of the record, the court finds that no relief is warranted with respect to Petitioner's prosecutorial misconduct claims. Even if the Black Hawk County Attorney did commit misconduct, it was reasonable for the Iowa courts to conclude that the jury would not have evaluated Petitioner's testimony differently without the prosecutor's misconduct. The court agrees with Judge Scoles that "based on [Petitioner]'s testimony, Syzmanski's testimony, and the other eyewitness testimony . . . no jury would have given 'any credence to defendant's point of view and credibility.'" Report and Recommendation at 18 (quoting *Campbell v. State*, No. PCCV097450, at 6 (Black Hawk Cnty. Dist. Ct. 2008)). Therefore, the Iowa courts' finding that the prosecutor's conduct did not render the trial fundamentally unfair is not contrary to federal law and did not involve an unreasonable application of federal law. Thus, the Iowa courts' conclusion that no due process violation occurred comports with applicable federal law. *See generally Darden v. Wainwright*, 477 U.S. 168 (1986); *Donnelly*, 416 U.S. at 645; *Barnett v. Roper*, 541 F.3d 804 (8th Cir. 2008).

### 2. *Ineffective assistance of counsel*

Petitioner similarly argues that his counsel's failure to object to the prosecutor's improper characterizations and other misconduct and failure to request a curative instruction prejudiced his defense. The court concludes that it is unable to grant habeas relief on Petitioner's ineffective assistance of counsel claim because the Iowa courts reasonably concluded that counsel's performance did not prejudice the petitioner's defense. *Strickland*, 466 U.S. at 692-94.

A violation of the right to effective assistance of counsel has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

4

*Id*. at 687.   While *Strickland* requires a showing of both deficient performance and prejudice, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*. at 697.   "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id*.   To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.   Rather, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 669.

After thoroughly reviewing the record, the court finds that it was reasonable for the Iowa courts to determine that counsel's failure to object to the prosecutor's misconduct did not prejudice Petitioner's case.   As discussed above, even if counsel's performance was deficient, it was reasonable for the Iowa courts to conclude that there was no reasonable probability that the proceeding would have been different but for counsel's deficiency.   The court agrees with Judge Scoles that counsel's "errors only detracted from the credibility of an already incredible defendant."   Report and Recommendation at 20.   Thus, considering all the relevant circumstances, the court finds that the Iowa courts did not unreasonably apply the *Strickland* standard in this case, and the determination that no violation of the petitioner's constitutional right to counsel occurred was not an unreasonable application of federal law.

### 3.   *Certificate of appealability*

Petitioner argues that he has made a substantial showing that a constitutional right was violated.   A district court possesses the authority to issue certificates of appealability in habeas corpus proceedings under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (describing standard); *Garrett v.*

*United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (same).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *see also Miller-El*, 537 U.S. at 336.

Having thoroughly reviewed the record in this case, the court finds that Petitioner failed to make the requisite "substantial showing" with respect to the claims that he raised in his application for a writ of habeas corpus.  *See* 28 U.S.C. § 2253(c)(2).  Petitioner argues that because the Iowa Supreme Court Disciplinary Board found that the prosecutor's misconduct was "prejudicial to the administration of justice," the constitutional issues he raises are debatable among reasonable jurists.  Petitioner's Brief at 4.  As Petitioner acknowledges, however, "the Iowa Disciplinary Board is not a court of law."  *Id.* Furthermore, the Iowa Disciplinary Board's inquiry into prejudice to the administration of justice is not the same inquiry as whether prosecutorial misconduct or ineffective assistance of counsel prejudice a party's case.  *Compare Iowa Supreme Court Attorney Disciplinary Bd. v. Howe*, 706 N.W.2d 360, 373 (Iowa 2005) ("Although 'there is no typical form of conduct that prejudices the administration of justice,' actions that have commonly been held to violate this disciplinary rule have hampered 'the efficient and proper operation of the courts or of ancillary systems upon which the courts rely.'"), *with Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").  Because Petitioner has not made a substantial showing that a constitutional right was denied, he has not presented any questions of substance for appellate review, and, therefore, there is no reason to grant a certificate of appealability.

## IV.  CONCLUSION

In light of the foregoing and based upon its de novo review of Judge Scoles's Report and Recommendation, the court concludes that there is no ground to reject or modify his

findings and conclusions.   Therefore, the court shall adopt Judge Scoles's Report and Recommendation and deny the Petition.

**IT IS HEREBY ORDERED:**

1.     Petitioner's Objections (docket no. 26) are **OVERRULED**.

2.     Judge Scoles's Report and Recommendation (docket no. 21) is **ADOPTED**.

3.     The Petition (docket no. 1) is **DENIED**.

4.     A certificate of appealability is **DENIED**.  If Petitioner desires further review of his application for a writ of habeas corpus, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals, in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**DATED** this 30th day of January, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA